**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OLIVER KING, AKA Hamid
Malekpour,
*Defendant-Appellant*.

No. 12-30235

D.C. No.
2:10-cr-00168-
JLR-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
May 9, 2013—Seattle, Washington

Filed November 15, 2013

Before: Sidney R. Thomas and Jacqueline H. Nguyen,
Circuit Judges, and Raymond J. Dearie, District Judge.[*]

Opinion by Judge Nguyen

---

[*] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

**Criminal Law**

Affirming convictions for unlawfully dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) and making false statements to customs officials to gain entry into the United States in violation of 18 U.S.C. § 1001, the panel held that with regard to the unlawful dealing charge, the defendant was not entitled to jury instructions requiring the government to prove that the defendant was not acting as an authorized agent of a federal firearms licensee.

Reviewing for plain error, the panel held that there was sufficient evidence to prove that the defendant "engaged in the business" of dealing firearms, as required by § 922(a)(1)(A), and to prove the materiality element supporting the § 1001 convictions.

The panel concluded that the district court did not abuse its discretion in denying the defendant's motion for a new trial.

## COUNSEL

Terrence Kellogg, Seattle, Washington, for Defendant-Appellant.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Michael S. Morgan (argued), Assistant United States Attorney, and Jenny A. Durkan, United States Attorney, United States Attorney's Office, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

NGUYEN, Circuit Judge:

Oliver King appeals his convictions for unlawfully dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A), and making false statements to customs officials to gain entry into the United States, in violation of 18 U.S.C. § 1001. With regard to his conviction for unlawfully dealing in firearms, King contends that the district court erred in refusing to give his proposed jury instructions, which required the government to prove that King was not acting as an authorized agent of a federal firearms licensee. In an issue of first impression in our circuit, we hold that King is not entitled to such an instruction. Because we also find that King's remaining contentions—that the evidence was insufficient, and that the district court abused its discretion in denying his motion for a new trial—lack merit, we affirm.

## BACKGROUND

### A. Factual Background

Oliver King, born Hamid Malekpour, is an Iranian-born Canadian citizen and self-described firearms enthusiast. In January 2009, during a flight from Amsterdam to Tehran, King bonded with Amir Zarandi, an Iranian-born United States citizen, over their shared passion for guns.

Although King purportedly ran an ammunition manufacturing business in Vancouver, Canada, he was not permitted to lawfully deal firearms in either the United States or Canada. As a non-immigrant alien, King was ineligible for a license to deal firearms in the United States. He was eligible for a license in Canada, but his license had been revoked. Three months after he and Zarandi met, King invited Zarandi to Vancouver. During the visit, King drove Zarandi to a building where King's company was purportedly located. When Zarandi asked to go inside, King made excuses and did not permit Zarandi to enter. At King's apartment, King showed off his gun collection and introduced Zarandi to his "wife," Rebecca Reznick, whom King claimed to have met when they served together in the Israeli Intelligence. (In fact, she was his girlfriend whom he met on J-date.) Zarandi indicated that he was interested in getting into the firearms business, but didn't know very much about it. King proposed, and Zarandi agreed, to have King do the "legwork" to help Zarandi set up a firearms business in the United States.

In May 2009, King secured a one-room office in McMinnville, Oregon,[1] and incorporated an entity called McMinnville Hunting and Police Supply ("MHPS"). MHPS's articles of incorporation listed King, using the pseudonym "O. Ki," as its registered agent. King paid the incorporation fee and lease with Reznick's credit card.

As support for MHPS's federal firearms license ("FFL") application, Zarandi mailed King copies of his social security

---

[1] According to Zarandi, King chose McMinnville because it was cheap, close to King's "in-laws," and because King allegedly knew the police chief there.

card and certificate of naturalization. In June 2009, King submitted the application on behalf of MHPS. The application listed Zarandi, identified as the company's CEO, as the sole "responsible person."[2] Approximately two months later, King flew Zarandi to McMinnville to meet with an investigator from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") about the license. During this meeting, Zarandi and King informed the investigator that King would "not be part of the business, that Amir [Zarandi] would solely be the owner/operator of the business."

MHPS's application was subsequently approved and, in October 2009, an investigator contacted Zarandi to inquire as to whether he had received the license. Zarandi said he had not, but indicated that his "consultant" might have. King later contacted the investigator, identifying himself as "Oliver Ki." During the phone call, King repeatedly used the term "we" when referring to MHPS. When the investigator questioned his involvement, King chalked it up to his "broken English," reiterating that he was only a consultant. Weeks passed, and Zarandi still had not heard whether MHPS's license had been approved. So he called King, who said he would look into it. Within a few hours, Zarandi received the license via e-Fax.

---

[2] As defined on the application, a "responsible person" is "someone who can control and direct the activities of the firearms license." For corporate applicants, a "responsible person" includes "any individual possessing directly or indirectly the power to direct or cause the direction of management policies and practices of the [business], insofar as they pertain to firearms." *See* Appendix A (Application for Federal Firearms License, Instruction #10). All responsible persons must provide fingerprints, and submit to the background check associated with the license.

According to Zarandi, King was eager to buy guns once the license was secured. Zarandi agreed to order five semi-automatic rifles from LWRC International ("LWRC").[3] After this transaction, Zarandi also agreed to let King "use the company" in order to buy items which did not require a federal firearms license, such as optics and scopes.

But King wanted more. Before long, he began purchasing firearms behind Zarandi's back. Unbeknownst to Zarandi, King submitted credit applications on MHPS's behalf to multiple firearms suppliers, providing them with copies of the license on which Zarandi's signature had been forged. On one occasion, King even posed as Zarandi, setting up an email account in Zarandi's name to submit paperwork with Zarandi's forged signature. Using this falsified documentation, King ordered nineteen additional firearms—semi-automatic rifles, pistols, shotguns, and sniper rifles—as well as magazines and thousands of rounds of ammunition.

Although there was no evidence that King successfully sold any firearms,[4] King offered to procure them for others on at least two occasions. First, he offered to supply a "weapon or gun" to David Potter, the property manager of MHPS's office building, bragging that he could get it at a cheap price. When Potter said he was interested in a "44 mag," King

---

[3] King deposited $5,000 into MHPS's bank account to pay for these firearms. He also tried to get Zarandi to order another $20,000 in rifles from LWRC, but they could not obtain enough funding.

[4] Two of the twenty-four firearms ordered on behalf of MHPS, however, were never located or accounted for. King also sold ammunition and magazines for $1,700 in cash to a man he arranged to meet in a grocery store parking lot.

replied, "No problem."   King also offered to sell David Seward a handgun.  After Seward told King that he was interested in a Glock 9mm handgun, King invited Seward into the MHPS office, showed him a Glock that was for sale, and offered it to Seward for about $500.  The sale was never consummated, but Seward subsequently called King to inquire about purchasing three other firearms.

Between May 2009 and May 2010, King entered the United States from Canada on eighteen separate occasions. Fifteen of these times he was referred for secondary inspection.[5]   During his interactions with Customs and Borders Protection ("CBP") officials, King repeatedly lied about his reasons for entering the United States, concealing his firearms-related activities.  For instance, on November 8, 2009, King told CBP officers that he was going to meet his father-in-law and wife at a Costco store in Bellingham, Washington.   Instead, he drove to MHPS's office in McMinnville, Oregon.

Similarly, on March 15, 2010, King entered the United States after telling a CBP officer that he was going to a nearby Costco to buy a camcorder.  ICE agents followed him as he continued to drive south to Marysville, Washington, at which point they discontinued surveillance.  The next day, King rented a storage unit in Ferndale, Washington (located approximately twenty minutes from the Canadian border).

---

[5] King was subject to heightened scrutiny at border entry points because, in February 2009, his "unclear story" about his intended purpose in the United States, along with his name change and recent travel to Iran, drew the attention of border agents.  Following an interview with ICE and FBI agents, officials opened a preliminary investigation and entered King into an ICE database.

His rental paperwork listed MHPS's corporate office as his address of record.

On May 18, 2010, King presented a brand new passport to a CBP officer at a different port of entry, claiming he was heading to Bellingham, Washington, to pick up his wife at Target. However, agents followed him as he drove directly to Oregon, arriving at MHPS's office in McMinnville the next morning. There, they observed King loading several large boxes into his car before driving back north to his U-Haul storage unit.

Agents searched King's vehicle and storage unit and recovered twenty-one firearms, assault-rifle magazines, and ammunition. King's laptop contained a number of incriminating documents, including the following: digital copies of credit applications submitted to firearms dealers on MHPS's behalf that contained Zarandi's forged signature; an unsigned letter from "A. Zarandi" confirming King's employment with MHPS; copies of Zarandi's social security card and certificate of naturalization; articles of incorporation for MHPS; and an unsigned copy of MHPS's federal firearms license.

## B. Procedural History

King was indicted on charges of unlawfully dealing in firearms (Count 1); unlawful possession and/or transportation of firearms and ammunition by an alien (Count 2); and three counts of making false statements to a government agency, namely border customs officials (Counts 3–5). Prior to trial, he requested jury instructions that stated, in relevant part, that the government was required to prove King was not acting as an agent "of another person or corporation that did have a

license as a firearms dealer" in order to convict him of unlawfully dealing in firearms. The district court refused to provide these instructions.

Following a six-day trial, a jury convicted King on all five counts. He subsequently appealed. While his appeal was pending, however, the Department of Justice's Office of Legal Counsel ("OLC") issued an opinion that negated the legal theory supporting King's alien-in-possession conviction on Count 2. The government conceded that this conviction could not stand, and we remanded for re-sentencing on the remaining counts.

On remand, King moved for a new trial on the remaining counts under Federal Rule of Criminal Procedure 33(b)(1), arguing, *inter alia*, that the OLC opinion amounted to newly discovered evidence meriting retrial. The district court denied this motion. On July 9, 2012, the court re-sentenced King to an aggregate thirty-month prison term, plus three years of supervised release, for his unlawful firearms dealing conviction in Count 1 and his three false statement convictions in Counts 3–5. This appeal followed.

## DISCUSSION

### A. Jury Instructions

We turn first to King's contention that the district court erred in rejecting his proposed jury instructions setting forth a purported agency defense to the charge under 18 U.S.C. § 922(a)(1)(A). "A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case, provided that the requested instruction is supported by law and has some foundation in the evidence." *United States*

*v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) (citations and internal quotation marks omitted). We review de novo whether an instruction is supported by law; we review for abuse of discretion whether it has a foundation in evidence. *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013) (citation omitted).

King's proposed instructions stated, in relevant part, that he could not be convicted of unlicensed firearms dealing unless the government proved that he was not "authorized to act on behalf of another person or corporation that did have a license as a firearms dealer." King sought these instructions so that he could argue to the jury that he was not guilty of unlicensed firearms dealing because he only acted on behalf of MHPS, a licensed corporate entity. We hold that the district court properly refused King's proposed agency instructions.

We begin, as always, with the statutory text. *See United States v. O'Donnell*, 608 F.3d 546, 549 (9th Cir. 2010); *see also United States v. Johnson*, 680 F.3d 1140, 1144 (9th Cir. 2012)* ("If the plain meaning of the statute is unambiguous, that meaning is controlling[.]") (citations omitted). Section 922(a)(1)(A) prohibits:

> any person . . . except a . . . licensed dealer, to engage in the business of . . . dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

18 U.S.C. § 922(a)(1)(A); *see also* 18 U.S.C. § 923(a) ("No person shall engage in the business of . . . dealing in firearms . . . until he has received a license to do so from the Attorney

General."); 27 C.F.R. § 478.41(a) (2011) ("each person intending to engage in business as . . . a dealer in firearms shall, before commencing such business, obtain the license required"). King's argument that, as an authorized agent, he was not included in the term "any person . . . except a . . . licensed dealer" does not comport with the statute's plain language. The term "person" is defined to include "any individual, corporation, company, association, firm, partnership, or joint stock company." 18 U.S.C. § 921(a)(1). King, as an individual human being, is therefore a "person" within the meaning of § 922(a)(1)(A).

King further suggests that, as an authorized agent for MHPS, he was not "any person . . . except a . . . licensed dealer"—he *was* a licensed dealer within the meaning of § 922(a)(1)(A). Interpreting the statute in this manner, however, would undermine—if not emasculate—the comprehensive licensing scheme designed by Congress. *See Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006) (stating that courts may consider, *inter alia*, a "statute's overall purpose" to "illuminate Congress's intent"). The Gun Control Act of 1968, Pub. L. No. 90–618, 82 Stat. 1213 (codified as amended at 18 U.S.C. § 921 *et seq.*) was "aimed at restricting public access to firearms." *Huddleston v. United States*, 415 U.S. 814, 824 (1974). To this end, Congress required anyone wishing to "engage in the business of . . . dealing in firearms" to obtain a federal firearms license from the ATF. *See* 18 U.S.C. § 923(a); 27 C.F.R. § 478.41(a).

Not everyone can obtain a federal firearms license; applicants must satisfy the myriad requirements set forth in complex statutory provisions and dense federal regulations. *See generally* 18 U.S.C. § 923 (licensing requirements);

27 C.F.R. § 478.44 (requirements for an original firearms license). Corporate entities present a unique challenge in this regard. While the Gun Control Act affords them the status of legal personhood, it simultaneously recognizes the limits of this legal fiction. To this end, any corporate applicant must provide a wealth of information about each "responsible person," owner, and partner of the company.[6] The purpose of this information is to "enable[] ATF to look beyond the corporate structure, to related persons and entities able to direct the applicant's operation and management" in determining whether to approve a firearms license. *XVP Sports, LLC v. Bang*s, No. 11-379, 2012 WL 4329263, at *10 (E.D. Va. Mar. 21, 2012) (affirming the ATF's denial of a license where a company deliberately transferred ownership in an effort to avoid listing the true owner as a "responsible person").

King's proposed agency instructions are at odds with the Gun Control Act's purpose and comprehensive nature. The premise of his claim, if accepted, would allow King to skirt federal law by incorporating a front corporation with a straw principal, and then dealing firearms with impunity as a so-called "agent" of the company. We are hard pressed to

---

[6] Specifically, this information includes the individual's full name, social security number, every address over the past five years, telephone number, position, country of citizenship, place of birth, sex, and race. Applicants are further required to disclose whether any responsible person, owner, or partner has previously held a FFL, has been denied a FFL, has worked for a company that held an FFL as an officer or employee, or has had a FFL revoked. Similarly, the application inquires as to whether any named persons have been charged or indicted for a felony, are fugitives, are unlawfully in the United States, are under 21 years old, are drug users or addicts, and/or are subject to domestic restraining orders. *See* Appendix A.

believe that Congress would have intended such an easy workaround to such a complex, pervasive regulatory scheme. *Cf. Casanova Guns, Inc. v. Connally*, 454 F.2d 1320, 1322 (7th Cir. 1972) ("[T]he fiction of a corporate entity must be disregarded whenever it has been adopted or used to circumvent the provisions of a statute.").

Our conclusion is also consistent with the well-settled principle that "an agent cannot be insulated from criminal liability by the fact that his principal authorized his conduct." *United States v. Fleischli*, 305 F.3d 643, 652 (7th Cir. 2002) (internal quotation marks omitted). To this end, the Seventh Circuit's decision in *Fleischli* offers helpful guidance. The defendant in *Fleischli* was convicted of violating 18 U.S.C. § 922(o)(1), which imposes restrictions on the possession and transportation of machineguns. *Id.* at 647. Fleischli, a convicted felon, was not licensed to possess the firearm. *Id.* Nevertheless, he insisted that his possession was lawful because, at the time he possessed it, he was acting as an agent of a corporation that was licensed to possess it. *Id.* at 652.

The court flatly rejected this argument. In upholding Fleischli's conviction, it reasoned that "a convicted felon who could not have legitimately obtained a manufacturer's or dealer's license may not obtain access to machine guns by setting up a sham corporation." *Id.* So too here, an agent who could not have legitimately obtained a license to deal firearms may not deal firearms by positioning himself as a "consultant" for a licensee. Just as federal law did not permit Fleischli to "immunize himself from prosecution" by "hiding behind a corporate charter[,]" neither does it permit King to escape liability by claiming that he was acting on behalf of MHPS. *Id.*

Moreover, it bears emphasis that there is no factual support for King's putative agency defense in the record. True, King may have been acting as an authorized agent for MHPS when he filed the company's articles of incorporation, submitted its license paperwork, secured a lease, etc. But these activities were not what gave rise to criminal liability under § 922(a)(1)(A). The unlicensed firearms dealing charge, rather, rested on King's activities that rose to the level of "engaging in the business of firearms dealing"—i.e., ordering, receiving, transporting, and attempting to sell firearms. *See* 18 U.S.C. § 921(a)(21)(C). There is no evidence showing that King was acting as an *authorized* agent of MHPS when he engaged in these activities. To the contrary, the record shows that King duped his business partner, falsified documents, and misappropriated company resources in his effort to deal firearms. We therefore agree with the district court that King was not entitled to his proposed jury instructions.

## B. Sufficiency of Evidence Supporting King's Conviction for Unlawful Firearms Dealing

King next contends that the evidence was insufficient to prove that he "engaged in the business" of dealing firearms, as required by § 922(a)(1)(A). We disagree.

When properly preserved, we review sufficiency-of-evidence challenges by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, however, King failed to preserve his sufficiency-of-evidence

challenge. Accordingly, we apply plain-error review.[7] *See United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011). "Under plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

To prove that King "engaged in the business" of firearms dealing, the government had to establish that he "engaged in a greater degree of activity than the occasional sale of a hobbyist or collector, and that [he] devoted time, attention and labor to selling firearms as a trade or business with the intent of making profits through the repeated purchase and sale of firearms." 18 U.S.C. § 921(a)(21)(C); *see also* Ninth Circuit Model Instruction 8.53 (2010); *United States v. Breier*, 813 F.2d 212, 214–15 (9th Cir. 1987). There is ample evidence in the record from which a reasonable jury could have drawn this conclusion. To wit, King incorporated and funded a firearms business "on behalf" of a friend whose American citizenship enabled the business to obtain a federal firearms license. He then misappropriated the company's business account, using falsified documentation to set up credit accounts and order firearms from manufacturers and wholesalers behind his purported partner's back. King ordered nineteen firearms, including duplicates of the same model. He received these firearms at the company's office, and transported them in his car during the middle of the night to a storage unit just south of the Canadian border.

---

[7] However, as we have observed, "it is hard to comprehend how [the plain error] standard can be any more stringent in actuality than that ordinarily applied to sufficiency-of-the-evidence challenges." *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009).

Moreover, King held himself out as a firearms dealer. He attempted to sell one firearm to a tenant in MHPS's office building and offered to provide another to his building manager.[8] King also sold ammunition and pistol magazines and represented to the buyer that he was "buying and selling, trading in guns, operating out of a company that was owned by a friend of his in McMinnville[,]" and that he could procure any item in a gun publication at a cheaper price. The record also contained overwhelming evidence that King repeatedly lied to customs and border officials about his true purpose in entering the United States.

Taken together, this evidence is more than sufficient for a rational jury to conclude that King was more than a mere hobbyist. *See* 18 U.S.C. § 921(a)(21)(C). In arguing to the contrary, King asserts that certain "evidence of innocence"—namely, his role as an agent for Zarandi and the fact that he was not listed as a "responsible person" on MHPS's license—would preclude a rational fact finder from finding him guilty beyond a reasonable doubt. However, in determining whether evidence is sufficient to support a conviction, "the question is not whether the evidence *excludes* every hypothesis except that of guilt but rather whether the trier of fact could reasonably arrive at its conclusion." *Nevils*, 598 F.3d at 1165 (emphasis added).

---

[8] We note that Section 922(a)(1)(A) does not require an actual sale of firearms. *See United States v. Nadirashvili*, 655 F.3d 114, 120 (2d Cir. 2011) (stating that "the government's burden under Section 922(a)(1)(A) is to prove that the defendant has guns on hand or is ready and able to procure them for the purpose of selling them from [time] to time to such persons as might be accepted as customers") (citation and internal quotation marks omitted) (alteration in original).

Because the evidence, viewed in the light most favorable to the government, demonstrates that King engaged in the business of dealing firearms, there was no plain error.

## C. Materiality of False Statements

King also challenges his convictions under 18 U.S.C. § 1001, which prohibits making false statements in any matter within the jurisdiction of a federal department or agency. King neither denies that he lied to border officials nor disputes the jurisdictional predicate of the crime; he contests only the materiality of his false statements.

Because materiality is an element of the offense, *see United States v. Selby*, 557 F.3d 968, 977 (9th Cir. 2009), whether a false statement is material to an agency decision is a question properly resolved by a jury, rather than by the court. *United States v. Gaudin*, 515 U.S. 506, 512, 522–23 (1995). The issue before us is therefore whether the government presented sufficient evidence to support the jury's finding of materiality. *See United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998). Because King failed to move for a judgment of acquittal on this basis, we review for plain error. *Flyer*, 633 F.3d at 917.

A misstatement is material for purposes of § 1001 if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Gaudin*, 515 U.S. at 509 (citation omitted). A misstatement need not actually influence the agency decision in order to be material; propensity to influence is enough. *See United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987). Accordingly, our concern is not with the extent of the agency's reliance, but rather with the

"intrinsic capabilities of the false statement itself[.]" *Serv. Deli Inc.*, 151 F.3d at 941.

Here, two border officers testified that they might not have admitted King into the United States had he disclosed that his true purpose in entering the country was to engage in firearms-related activities. Based on this evidence alone, a rational jury could conclude that King's misstatements had a propensity to affect the officers' decision about whether to admit King into the United States. Indeed, we have found lies to border agents material in cases involving more attenuated connections between misstatements and agency decisions. *See, e.g.*, *United States v. Chen*, 324 F.3d 1103, 1104–05 (9th Cir. 2003) (holding that a defendant's false statement that he entered the country as a crewman on a particular fishing boat was material under § 1001 because it could have affected the government's investigation of smuggling and harboring of illegal aliens); *United States v. Rodriguez-Rodriguez*, 840 F.2d 697, 700–01 (9th Cir. 1988) (holding that a defendant's false statement to a border patrol officer that everyone in the car was a United States citizen constituted a material misstatement under § 1001).

Relying solely on a dissent in an unpublished decision, *United States v. Howard*, 430 F. App'x 569, 572 (9th Cir. 2011) (Tashima, J., dissenting), King contends that his lies to CBP officers were immaterial because, as he was already the target of an ICE investigation, officers would have admitted him regardless, in order to further their investigation. King's argument, however, is foreclosed by numerous cases which emphasize that actual influence is not required, so long as the misstatement has a *propensity* to influence agency action. *See, e.g.*, *Serv. Deli Inc.*, 151 F.3d at 941; *Rodriguez-Rodriguez*, 840 F.2d at 700–01; *Facchini*, 874 F.2d at 643;

*United States v. Vaughn*, 797 F.2d 1485, 1490 (9th Cir. 1986).

In sum, we conclude that the evidence was more than sufficient to prove the materiality element supporting King's § 1001 convictions.

### D.  Motion for New Trial

King also appeals the denial of his motion for a new trial under Federal Rule of Criminal Procedure 33.  He argues that the OLC opinion, which negated the viability of his alien-in-possession conviction on Count 2, constitutes "newly discovered evidence" warranting a new trial.

"We review a district court's order denying a motion for a new trial made on the ground of newly discovered evidence for abuse of discretion."  *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc).  A new trial is not warranted under Rule 33 unless a defendant can establish five elements: "(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010) (citation and internal quotation marks omitted).

King cannot clear the first hurdle here.  As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33.  *Id.* at 1006–07 (holding that a change in the legal standard for determining insanity

did not amount to "newly discovered evidence"). *Shelton* vitiates King's assertion that the OLC opinion warrants retrial.

Moreover, even if the OLC opinion constituted "newly discovered evidence," King's argument would still fail. Because the opinion pertains only to whether an alien-in-possession conviction under § 922(g)(5)(B) applies to aliens admitted without visas, King cannot establish that it was material to the unlawful firearms dealing and false statements charges. *See Berry*, 624 F.3d at 1042. And, because the same evidence supporting the now-vacated alien-in-possession conviction also supported the charge of unlawful dealing in firearms, King's assertion of unfair prejudice likewise fails.

## CONCLUSION

We hold that the district court properly refused to instruct the jury on King's purported agency theory, that sufficient evidence supported King's firearms dealing and false statement convictions, and that the district court did not abuse its discretion in denying King's motion for a new trial.

**AFFIRMED.**

**APPENDIX A**

# Application for Federal Firearms License

**For ATF Use Only**

1. Name of Owner or Corporation *(If partnership, include name of each partner)*

2. Trade or Business Name, *if any*

3. Employer Identification Number *(EIN#)* or Social Security Number *(SSN is Voluntary)*

4. Name of County in Which Business is Located

5. Business Address *(RFD or street number, city, State, and ZIP code)* (NOTE: The business address CANNOT be a P.O. Box.)

6. Mailing Address *(If different from address in item #5)*

7. Contact Numbers *(Include Area Code)*

Business Phone _____   Fax Number _____

Cell Phone _____   24 Hour Emergency # *(If different)*

8. Applicant's Business is *(Select one)*

☐ Individually Owned   ☐ A Partnership   ☐ A Corporation   ☐ Other *(Specify)*

9. Describe Specific Activity Applicant is Engaged in, or Intends to Engage in, Which Requires a Federal Firearms License. *(Sale of ammunition alone does not require a license.)*

10. Do You Intend to Engage in Business as a Pawnbroker?   ☐ Yes   ☐ No

11. Application is Made For a License Under 18 U.S.C. Chapter 44 as a: *(Place an "X" in the appropriate box. Submit the fee noted next to the box with the application. Licenses are issued for a 3-year period. See instruction #13 for payment information.)*

| Type | Description of License Type | Fee | |
|------|------------------------------|-----|---|
| 01/02 | Dealer (01), Including Pawnbroker (02), in Firearms Other Than Destructive Devices *(Includes: Rifles, Shotguns, Pistols, Revolvers, Gunsmith activities and National Firearms Act (NFA) Weapons)* | $200 | ☐ |
| 06 | Manufacturer of Ammunition for Firearms Other Than Ammunition for Destructive Devices or Armor Piercing Ammunition | $30 | ☐ |
| 07 | Manufacturer of Firearms Other Than Destructive Devices | $150 | ☐ |
| 08 | Importer of Firearms Other Than Destructive Devices or Ammunition for Firearms Other Than Destructive Devices, or Ammunition Other Than Armor Piercing Ammunition *(NOTE: Importer of handguns and rifles, see instruction #8.)* | $150 | ☐ |
| 09 | Dealer in Destructive Devices | $3000 | ☐ |
| 10 | Manufacturer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition | $3000 | ☐ |
| 11 | Importer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition *(See instruction #8)* | $3000 | ☐ |
| | | Total Fees $ | |

12. Method of Payment *(Check one)*

☐ Check *(Enclosed)*   ☐ Cashier's Check or Money Order *(Enclosed)*   ☐ Visa   ☐ Mastercard   ☐ American Express   ☐ Discover   ☐ Diners Club

Credit/Debit Card Number *(No dashes)*

Name as Printed on Your Credit/Debit Card

Expiration Date *(Month & year)*

Credit/Debit Card Billing Address:
Address:
City:   State:   Zip Code:

Please Complete to Ensure Payment is Credited to the Correct Application:

I am Paying the Application Fee for the Following Person, Corporation, or Partnership:

Total Application Fees:
$

I Authorize ATF to Charge my Credit/Debit Card the Above Amount.

_____
Signature of Cardholder

_____
Date

Your credit/debit card will be charged the above stated amount upon receipt of your application. The charge will be reflected on your credit/debit card statement. In the event a license/permit is NOT issued, the above amount will be credited to the credit/debit card noted above.

Copy 1 - ATF Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Time | Sun | Mon | Tues | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|---|
| Open | | | | | | | |
| Close | | | | | | | |

14. Is Applicant Presently Engaged in a Business Requiring a Federal Firearms License? *(If "Yes," answer 14a.)*

☐ Yes  ☐ No

14a. Present Federal Firearms License Number

15. If You Have Served in the Armed Forces, Provide the Service Serial Number and Military Branch.

Service Serial Number

Military Branch

16. Applicant's Business Premises Are

☐ Owned  ☐ Leased/Rented  ☐ Military

IF RENTED OR LEASED, PLEASE PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PROPERTY OWNER.

Name and Address of Property Owner *(If applicable)*

Telephone Number of Property Owner *(If applicable)*

17. Indicate Type of Business Premises

Zoned Commercial:
☐ Store Front
☐ Office
☐ Rod & Gun Club
☐ Military Base
☐ Other *(Specify)*

Zoned Residential:
☐ Single Family Dwelling
☐ Condominium/Apartment
☐ Hotel/Motel
☐ Public Housing

IF THE PREMISES ARE LOCATED ON A MILITARY INSTALLATION, ATTACH A COPY OF WRITTEN AUTHORIZATION FROM THE BASE COMMANDER TO CONDUCT A FIREARMS BUSINESS ON THE MILITARY INSTALLATION.

18. Do You Intend To Make a Profit from Your Business?

☐ Yes  ☐ No *(If no, do not submit application)*

18a. Do You Intend To Sell Firearms **Only** at Gun Shows?

☐ Yes *(If yes, do not submit application)*  ☐ No

19. Do You Intend to Use Your License **Only** to Acquire Personal Firearms?

☐ Yes *(If yes, do not submit application.)*  ☐ No

If Business was Obtained From Someone Else, Provide the Following Information.

20. Name of Previous Business

21. Federal Firearms License Number

22. Provide the Information Required for Each Individual Owner, Partner, and Other Responsible Persons in the Business. See Instruction #10 for Responsible Person Definition. If a Female, List Any Given, Married, and Maiden Names, e.g., *"Mary Alice (Smith) Jones," Not "Mrs. John Jones." (If additional space is needed, use a separate sheet.)* **Each Responsible Person Must Complete All Information in this Section.**

| Full Name | Position and Social Security Number (Social Security Number is Voluntary) | Home Address Please provide every address you have had in the last 5 years. | Country of Citizenship List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23. | Place of Birth (City, State, or Foreign Country) | Date of Birth | Race and Ethnicity (Please check one or more boxes) | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

| Full Name | Position and Social Security Number *(Social Security Number is Voluntary)* | Home Address *Please provide every address you have had in the last 5 years.* | Country of Citizenship *List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23.* | Place of Birth *(City, State, or Foreign Country)* | Date of Birth | Race and Ethnicity *(Please check one or more boxes)* | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

23. Nonimmigrant Alien Certification of Compliance With 18 U.S.C. 922(g)(5)(B). If additional space is needed, use a separate sheet.

18 U.S.C. 922(g)(5)(B) generally makes it unlawful for any nonimmigrant alien to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearms or ammunition which have been shipped or transported in interstate or foreign commerce. All nonimmigrant aliens listed in item 22 must complete the following information certifying compliance with 18 U.S.C. 922(g)(5)(B).

A. Name of Person Certifying Compliance        Last:                    First:                    Middle Initial:

B. Immigration and Customs Enforcement (ICE) Issued Alien Number or Admission Number *(Previously INS Number):*

C. Are you in possession of a valid hunting license or permit lawfully issued in the United States?        ☐ Yes        ☐ No

    1. If you answered "NO," you likely cannot lawfully possess a firearm and therefore cannot be a Federal firearms licensee.
    2. If you answered "YES," complete the following information, and attach a copy of the license or permit to the application.

Hunting License or Permit Number, if any          State of Issuance          Expiration Date, if any

| Give Full Details on a Separate Sheet for All "Yes" Answers in Items 24 and 25. | | Yes | No |
|---|---|---|---|
| 24. Has Applicant or any Person Referred to in Item 22 Above: | A. Held a Federal Firearms License? | ☐ | ☐ |
| | B. Been Denied a Federal Firearms License? | ☐ | ☐ |
| | C. Been an Officer in a Corporation Holding a Federal Firearms License? | ☐ | ☐ |
| | D. Been an Employee of a Federal Firearms Licensee? | ☐ | ☐ |
| | E. Had a Federal Firearms License Revoked? | ☐ | ☐ |
| 25. Is Applicant or any Person Named in Item 22 Above: | A. Charged by Information or Under Indictment in any Court for a Felony, or any Other Crime for Which the Judge Could Imprison You for More Than One Year? | ☐ | ☐ |
| | B. A Fugitive from Justice? | ☐ | ☐ |
| | C. An Alien Who is Illegally or Unlawfully in the United States? | ☐ | ☐ |
| | D. Under 21 Years of Age? | ☐ | ☐ |
| | E. An Unlawful User of, or Addicted to, Marijuana, or any Depressant, Stimulant or Narcotic Drug, or any other Controlled Substance? | ☐ | ☐ |
| | F. Subject to a Court Order Restraining Him/Her from Harassing, Stalking, or Threatening his/her child or an Intimate Partner or Child or Such Partner? | ☐ | ☐ |

ATF E-Form 7 (5310.12)
Revised May 2005

| Give Full Details on a Separate Sheet for All "Yes" Answers in Item 26. | | Yes | No |
|---|---|---|---|
| 26. Has Applicant or any Person Named in Item 22 Ever: | A. Been Convicted in any Court of a Felony, or any other crime for which the Judge Could Have Imprisoned You for More Than One Year, Even if You Received a Shorter Sentence, Including Probation?[2] | ☐ | ☐ |
| | B. Been Discharged from the Armed Forces Under Dishonorable Conditions? | ☐ | ☐ |
| | C. Been Adjudicated as a Mental Defective, Which Includes Having Been Adjudicated Incompetent to Manage Your Own Affairs, or Been Committed to any Mental Institution? | ☐ | ☐ |
| | D. Renounced United States Citizenship? | ☐ | ☐ |
| | E. Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence? (See definition #3) | ☐ | ☐ |

[1] "Information" is a formal accusation of crime made by a prosecuting attorney, as distinguished from an indictment presented by a grand jury.

[2] You may answer NO if (a) you have been pardoned for the crime or (b) the conviction has been expunged or set aside or (c) your civil rights have been restored AND you are not prohibited from possessing or receiving any firearms under the law where the conviction occurred.

27. Applicant Certification (Please read and initial each box)

☐ The business to be conducted under the Federal Firearms License is not prohibited by State or local law at the premises shown in item 5. This includes compliance with zoning ordinances.

☐ Within 30 days after the application is approved, the business will comply with the requirements of State and local law applicable to the conduct of business.

☐ Business will not be conducted under the license until the requirements of State and local law applicable to the business have been met.

☐ A completed copy of this form has been sent (mailed or delivered) to the Chief Law Enforcement Officer of the locality in which the premises is located. (See instruction #5.)

☐ As required by 18 U.S.C. 923 (d)(1)(G), I certify that secure gun storage or safety devices will be available at any place in which firearms are sold under this Federal Firearms License to persons who are not licensees.

Name of Chief Law Enforcement Officer (CLEO)

CLEO's Address (Include no., street, city, county, State, and ZIP Code)

28. Certification: Under the penalties imposed by 18 U.S.C. 924, I declare that I have examined this application and the documents submitted in support thereof, and to the best of my knowledge and belief, they are true, correct and complete. This signature, when presented by a duly authorized representative of the Department of Justice, will constitute consent and authority for the appropriate Department of Justice representative to examine and obtain copies and abstracts of records and to receive statements and information regarding the background of all responsible persons. Specifically, I hereby authorize the release of the following data or records to ATF: Military information/records, medical information/records, police and criminal records.

Attach
2 X 2
Photograph(s)
Here

(See Instruction #10)

Sign Here

Title

Date

| For ATF Use Only | | |
|---|---|---|
| 29. Application is ☐ Approved ☐ Denied | Reasons for Denial of Application | |
| Signature of Licensing Official | | Date |

Information for the Chief Law Enforcement Officer

This form provides notification of a person's intent to apply for a Federal firearms license. It requires no action on your part. However, should you have information that may disqualify the person from obtaining a Federal firearms license, please contact the Federal Firearms Licensing Center at 1-866-662-2750. A "Yes" answer to items #24, #25, and #26 could disqualify a person for a license. Also, ATF may not issue a license if the business would be in violation of State or local law.

ATF E-Form 7 (5310.12)
Revised May 2005

# Application for Federal Firearms License

**For ATF Use Only**

1. Name of Owner or Corporation *(If partnership, include name of each partner)*

2. Trade or Business Name, *if any*

3. Employer Identification Number *(EIN#)* or Social Security Number *(SSN is Voluntary)*

4. Name of County in Which Business is Located

5. Business Address *(RFD or street number, city, State, and ZIP code)* (NOTE: The business address CANNOT be a P.O. Box.)

6. Mailing Address *(If different from address in item #5)*

7. Contact Numbers *(Include Area Code)*

Business Phone _____     Fax Number _____

Cell Phone _____     24 Hour Emergency # *(If different)* _____

8. Applicant's Business is *(Select one)*

    ☐ Individually Owned    ☐ A Partnership    ☐ A Corporation    ☐ Other *(Specify)*

9. Describe Specific Activity Applicant is Engaged in, or Intends to Engage in, Which Requires a Federal Firearms License. *(Sale of ammunition alone does not require a license.)*

10. Do You Intend to Engage in Business as a Pawnbroker?

    ☐ Yes    ☐ No

11. Application is Made For a License Under 18 U.S.C. Chapter 44 as a: *(Place an "X" in the appropriate box. Submit the fee noted next to the box with the application. Licenses are issued for a 3-year period. See instruction #13 for payment information.)*

| Type | Description of License Type | Fee | |
|---|---|---|---|
| 01/02 | Dealer (01), Including Pawnbroker (02), in Firearms Other Than Destructive Devices *(Includes: Rifles, Shotguns, Pistols, Revolvers, Gunsmith activities and National Firearms Act (NFA) Weapons)* | $200 | ☐ |
| 06 | Manufacturer of Ammunition for Firearms Other Than Ammunition for Destructive Devices or Armor Piercing Ammunition | $30 | |
| 07 | Manufacturer of Firearms Other Than Destructive Devices | $150 | |
| 08 | Importer of Firearms Other Than Destructive Devices or Ammunition for Firearms Other Than Destructive Devices, or Ammunition Other Than Armor Piercing Ammunition *(NOTE: Importer of handguns and rifles, see instruction #8.)* | $150 | ☐ |
| 09 | Dealer in Destructive Devices | $3000 | |
| 10 | Manufacturer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition | $3000 | |
| 11 | Importer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition *(See instruction #8)* | $3000 | ☐ |
| | | Total Fees $ | 0 |

| 13. Hours of Operation of Applicant's Business *(Must be completed)* | | | | | | | | 14. Is Applicant Presently Engaged in a Business Requiring a Federal Firearms License? *(If "Yes," answer 14a.)* |
|---|---|---|---|---|---|---|---|---|
| Time | Sun | Mon | Tues | Wed | Thu | Fri | Sat | |
| Open | | | | | | | | ☐ Yes    ☐ No |
| Close | | | | | | | | 14a. Present Federal Firearms License Number |

| 15. If You Have Served in the Armed Forces, Provide the Service Serial Number and Military Branch. | Service Serial Number | Military Branch |
|---|---|---|

16. Applicant's Business Premises Are

☐ Owned      ☐ Leased/Rented      ☐ Military

IF RENTED OR LEASED, PLEASE PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PROPERTY OWNER.

Name and Address of Property Owner *(If applicable)*

Telephone Number of Property Owner *(If applicable)*

17. Indicate Type of Business Premises

| Zoned Commercial: | Zoned Residential: |
|---|---|
| ☐ Store Front | ☐ Single Family Dwelling |
| ☐ Office | ☐ Condominium/Apartment |
| ☐ Rod & Gun Club | ☐ Hotel/Motel |
| ☐ Military Base | ☐ Public Housing |
| ☐ Other *(Specify)* | |

IF THE PREMISES ARE LOCATED ON A MILITARY INSTALLATION, ATTACH A COPY OF WRITTEN AUTHORIZATION FROM THE BASE COMMANDER TO CONDUCT A FIREARMS BUSINESS ON THE MILITARY INSTALLATION.

18. Do You Intend To Make a Profit from Your Business?

☐ Yes      ☐ No *(If no, do not submit application)*

18a. Do You Intend To Sell Firearms **Only** at Gun Shows?

☐ Yes *(If yes, do not submit application)*      ☐ No

19. Do You Intend to Use Your License **Only** to Acquire Personal Firearms?

☐ Yes *(If yes, do not submit application.)*      ☐ No

If Business was Obtained From Someone Else, Provide the Following Information.

| 20. Name of Previous Business | 21. Federal Firearms License Number |
|---|---|

22. Provide the Information Required for Each Individual Owner, Partner, and Other Responsible Persons in the Business. See Instruction #10 for Responsible Person Definition. If a Female, List Any Given, Married, and Maiden Names, e.g., *"Mary Alice (Smith) Jones,"* Not *"Mrs. John Jones."* *(If additional space is needed, use a separate sheet.)* **Each Responsible Person Must Complete All Information in this Section.**

| Full Name | Position and Social Security Number *(Social Security Number is Voluntary)* | Home Address *Please provide every address you have had in the last 5 years.* | Country of Citizenship *List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23.* | Place of Birth *(City, State, or Foreign Country)* | Date of Birth | Race and Ethnicity *(Please check one or more boxes)* | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

Copy 2 - ATF Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Full Name | Position and Social Security Number (Social Security Number is Voluntary) | Home Address Please provide every address you have had in the last 5 years. | Country of Citizenship List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23. | Place of Birth (City, State, or Foreign Country) | Date of Birth | Race and Ethnicity (Please check one or more boxes) | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

23. Nonimmigrant Alien Certification of Compliance With 18 U.S.C. 922(g)(5)(B). If additional space is needed, use a separate sheet.

18 U.S.C. 922(g)(5)(B) generally makes it unlawful for any nonimmigrant alien to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearms or ammunition which have been shipped or transported in interstate or foreign commerce. All nonimmigrant aliens listed in item 22 must complete the following information certifying compliance with 18 U.S.C. 922(g)(5)(B).

A. Name of Person Certifying Compliance     Last:                    First:                    Middle Initial:

B. Immigration and Customs Enforcement (ICE) Issued Alien Number or Admission Number *(Previously INS Number)*:

C. Are you in possession of a valid hunting license or permit lawfully issued in the United States?     ☐ Yes     ☐ No

  1. If you answered "NO," you likely cannot lawfully possess a firearm and therefore cannot be a Federal firearms licensee.
  2. If you answered "YES," complete the following information, and attach a copy of the license or permit to the application.

Hunting License or Permit Number, if any          State of Issuance          Expiration Date, if any

| Give Full Details on a Separate Sheet for All "Yes" Answers in Items 24 and 25. | | Yes | No |
|---|---|---|---|
| 24. Has Applicant or any Person Referred to in Item 22 Above: | A. Held a Federal Firearms License? | ☐ | ☐ |
| | B. Been Denied a Federal Firearms License? | ☐ | ☐ |
| | C. Been an Officer in a Corporation Holding a Federal Firearms License? | ☐ | ☐ |
| | D. Been an Employee of a Federal Firearms Licensee? | ☐ | ☐ |
| | E. Had a Federal Firearms License Revoked? | ☐ | ☐ |
| 25. Is Applicant or any Person Named in Item 22 Above: | A. Charged by Information or Under Indictment in any Court for a Felony, or any Other Crime for Which the Judge Could Imprison You for More Than One Year? | ☐ | ☐ |
| | B. A Fugitive from Justice? | ☐ | ☐ |
| | C. An Alien Who is Illegally or Unlawfully in the United States? | ☐ | ☐ |
| | D. Under 21 Years of Age? | ☐ | ☐ |
| | E. An Unlawful User of, or Addicted to, Marijuana, or any Depressant, Stimulant or Narcotic Drug, or any other Controlled Substance? | ☐ | ☐ |
| | F. Subject to a Court Order Restraining Him/Her from Harassing, Stalking, or Threatening his/her child or an Intimate Partner or Child or Such Partner? | ☐ | ☐ |

ATF E-Form 7 (5310.12)
Revised May 2005

| Give Full Details on a Separate Sheet for All "Yes" Answers in Item 26. | | Yes | No |
|---|---|---|---|
| 26. Has Applicant or any Person Named in Item 22 Ever: | A. Been Convicted in any Court of a Felony, or any other crime for which the Judge Could Have Imprisoned You for More Than One Year, Even if You Received a Shorter Sentence, Including Probation?[2] | ☐ | ☐ |
| | B. Been Discharged from the Armed Forces Under Dishonorable Conditions? | ☐ | ☐ |
| | C. Been Adjudicated as a Mental Defective, Which Includes Having Been Adjudicated Incompetent to Manage Your Own Affairs, or Been Committed to any Mental Institution? | ☐ | ☐ |
| | D. Renounced United States Citizenship? | ☐ | ☐ |
| | E. Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence? (See definition #3) | ☐ | ☐ |

[1] "Information" is a formal accusation of crime made by a prosecuting attorney, as distinguished from an indictment presented by a grand jury.

[2] You may answer NO if (a) you have been pardoned for the crime or (b) the conviction has been expunged or set aside or (c) your civil rights have been restored AND you are not prohibited from possessing or receiving any firearms under the law where the conviction occurred.

27. Applicant Certification *(Please read and initial each box)*

☐ The business to be conducted under the Federal Firearms License is not prohibited by State or local law at the premises shown in item 5. This includes compliance with zoning ordinances.

☐ Within 30 days after the application is approved, the business will comply with the requirements of State and local law applicable to the conduct of business.

☐ Business will not be conducted under the license until the requirements of State and local law applicable to the business have been met.

☐ A completed copy of this form has been sent *(mailed or delivered)* to the Chief Law Enforcement Officer of the locality in which the premises is located. *(See instruction #5.)*

☐ As required by 18 U.S.C. 923 (d)(1)(G), I certify that secure gun storage or safety devices will be available at any place in which firearms are sold under this Federal Firearms License to persons who are not licensees.

Name of Chief Law Enforcement Officer (CLEO)

CLEO's Address *(Include no., street, city, county, State, and ZIP Code)*

28. Certification: Under the penalties imposed by 18 U.S.C. 924, I declare that I have examined this application and the documents submitted in support thereof, and to the best of my knowledge and belief, they are true, correct and complete. This signature, when presented by a duly authorized representative of the Department of Justice, will constitute consent and authority for the appropriate Department of Justice representative to examine and obtain copies and abstracts of records and to receive statements and information regarding the background of all responsible persons. Specifically, I hereby authorize the release of the following data or records to ATF: Military information/records, medical information/records, police and criminal records.

Attach
2 X 2
Photograph(s)
Here

*(See Instruction #10)*

Sign Here

Title

Date

---

For ATF Use Only

| 29. Application is    ☐ Approved    ☐ Denied | Reasons for Denial of Application | |
|---|---|---|
| Signature of Licensing Official | | Date |

---

Information for the Chief Law Enforcement Officer

This form provides notification of a person's intent to apply for a Federal firearms license. It requires no action on your part. However, should you have information that may disqualify the person from obtaining a Federal firearms license, please contact the Federal Firearms Licensing Center at 1-866-662-2750. A "Yes" answer to items #24, #25, and #26 could disqualify a person for a license. Also, ATF may not issue a license if the business would be in violation of State or local law.

ATF E-Form 7 (5310.12)
Revised May 2005

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

OMB No. 1140-0018

# Application for Federal Firearms License

| For ATF Use Only |
|---|

1. Name of Owner or Corporation *(If partnership, include name of each partner)*

| 2. Trade or Business Name, *if any* | 3. Employer Identification Number *(EIN#)* or Social Security Number *(SSN is Voluntary)* | 4. Name of County in Which Business is Located |
|---|---|---|

5. Business Address *(RFD or street number, city, State, and ZIP code) (NOTE: The business address CANNOT be a P.O. Box.)*  | 6. Mailing Address *(If different from address in item #5)*

7. Contact Numbers *(Include Area Code)*

Business Phone _____ Fax Number _____

Cell Phone _____ 24 Hour Emergency # *(If different)* _____

8. Applicant's Business is *(Select one)*

☐ Individually Owned ☐ A Partnership ☐ A Corporation ☐ Other *(Specify)*

9. Describe Specific Activity Applicant is Engaged in, or Intends to Engage in, Which Requires a Federal Firearms License. *(Sale of ammunition alone does not require a license.)*

10. Do You Intend to Engage in Business as a Pawnbroker?

☐ Yes ☐ No

11. Application is Made For a License Under 18 U.S.C. Chapter 44 as a: *(Place an "X" in the appropriate box. Submit the fee noted next to the box with the application. Licenses are issued for a 3-year period. See instruction #13 for payment information.)*

| Type | Description of License Type | Fee | |
|---|---|---|---|
| 01/02 | Dealer (01), Including Pawnbroker (02), in Firearms Other Than Destructive Devices *(Includes: Rifles, Shotguns, Pistols, Revolvers, Gunsmith activities and National Firearms Act (NFA) Weapons)* | $200 | ☐ |
| 06 | Manufacturer of Ammunition for Firearms Other Than Ammunition for Destructive Devices or Armor Piercing Ammunition | $30 | ☐ |
| 07 | Manufacturer of Firearms Other Than Destructive Devices | $150 | ☐ |
| 08 | Importer of Firearms Other Than Destructive Devices or Ammunition for Firearms Other Than Destructive Devices, or Ammunition Other Than Armor Piercing Ammunition *(NOTE: Importer of handguns and rifles, see instruction #8.)* | $150 | ☐ |
| 09 | Dealer in Destructive Devices | $3000 | ☐ |
| 10 | Manufacturer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition | $3000 | ☐ |
| 11 | Importer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition *(See instruction #8)* | $3000 | ☐ |
| | | Total Fees $ | 0 |

ATF E-Form 7 (5310.12)
Revised May 2005

**13. Hours of Operation of Applicant's Business** *(Must be completed)*

| Time | Sun | Mon | Tues | Wed | Thu | Fri | Sat |
|------|-----|-----|------|-----|-----|-----|-----|
| Open | | | | | | | |
| Close | | | | | | | |

**14. Is Applicant Presently Engaged in a Business Requiring a Federal Firearms License?** *(If "Yes," answer 14a.)*

☐ Yes ☐ No

**14a. Present Federal Firearms License Number**

**15. If You Have Served in the Armed Forces, Provide the Service Serial Number and Military Branch.**

Service Serial Number

Military Branch

**16. Applicant's Business Premises Are**

☐ Owned ☐ Leased/Rented ☐ Military

IF RENTED OR LEASED, PLEASE PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PROPERTY OWNER.

Name and Address of Property Owner *(If applicable)*

Telephone Number of Property Owner *(If applicable)*

**17. Indicate Type of Business Premises**

Zoned Commercial:

☐ Store Front
☐ Office
☐ Rod & Gun Club
☐ Military Base
☐ Other *(Specify)*

Zoned Residential:

☐ Single Family Dwelling
☐ Condominium/Apartment
☐ Hotel/Motel
☐ Public Housing

IF THE PREMISES ARE LOCATED ON A MILITARY INSTALLATION, ATTACH A COPY OF WRITTEN AUTHORIZATION FROM THE BASE COMMANDER TO CONDUCT A FIREARMS BUSINESS ON THE MILITARY INSTALLATION.

**18. Do You Intend To Make a Profit from Your Business?**

☐ Yes ☐ No *(If no, do not submit application)*

**18a. Do You Intend To Sell Firearms Only at Gun Shows?**

☐ Yes *(If yes, do not submit application)* ☐ No

**19. Do You Intend to Use Your License Only to Acquire Personal Firearms?**

☐ Yes *(If yes, do not submit application.)* ☐ No

*If Business was Obtained From Someone Else, Provide the Following Information.*

**20. Name of Previous Business**

**21. Federal Firearms License Number**

**22.** Provide the Information Required for Each Individual Owner, Partner, and Other Responsible Persons in the Business. See Instruction #10 for Responsible Person Definition. If a Female, List Any Given, Married, and Maiden Names, e.g., *"Mary Alice (Smith) Jones," Not "Mrs. John Jones."* *(If additional space is needed, use a separate sheet.)* **Each Responsible Person Must Complete All Information in this Section.**

| Full Name | Position and Social Security Number *(Social Security Number is Voluntary)* | Home Address *Please provide every address you have had in the last 5 years.* | Country of Citizenship *List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23.* | Place of Birth *(City, State, or Foreign Country)* | Date of Birth | Race and Ethnicity *(Please check one or more boxes)* | Sex | Residence Telephone No. |
|-----------|------|------|------|------|------|------|------|------|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

Copy 3 - CLEO Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Full Name | Position and Social Security Number *(Social Security Number is Voluntary)* | Home Address *Please provide every address you have had in the last 5 years.* | Country of Citizenship *List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23.* | Place of Birth *(City, State, or Foreign Country)* | Date of Birth | Race and Ethnicity *(Please check one or more boxes)* | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

23. Nonimmigrant Alien Certification of Compliance With 18 U.S.C. 922(g)(5)(B).  If additional space is needed, use a separate sheet.

18 U.S.C. 922(g)(5)(B) generally makes it unlawful for any nonimmigrant alien to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearms or ammunition which have been shipped or transported in interstate or foreign commerce.  All nonimmigrant aliens listed in item 22 must complete the following information certifying compliance with 18 U.S.C. 922(g)(5)(B).

A. Name of Person Certifying Compliance     Last:                         First:                         Middle Initial:

B. Immigration and Customs Enforcement (ICE) Issued Alien Number or Admission Number *(Previously INS Number)*:

C. Are you in possession of a valid hunting license or permit lawfully issued in the United States?    ☐ Yes      ☐ No

   1. If you answered "NO," you likely cannot lawfully possess a firearm and therefore cannot be a Federal firearms licensee.
   2. If you answered "YES," complete the following information, and attach a copy of the license or permit to the application.

Hunting License or Permit Number, if any          State of Issuance          Expiration Date, if any

| Give Full Details on a Separate Sheet for All "Yes" Answers in Items 24 and 25. | | Yes | No |
|---|---|---|---|
| 24. Has Applicant or any Person Referred to in Item 22 Above: | A. Held a Federal Firearms License? | ☐ | ☐ |
| | B. Been Denied a Federal Firearms License? | ☐ | ☐ |
| | C. Been an Officer in a Corporation Holding a Federal Firearms License? | ☐ | ☐ |
| | D. Been an Employee of a Federal Firearms Licensee? | ☐ | ☐ |
| | E. Had a Federal Firearms License Revoked? | ☐ | ☐ |
| 25. Is Applicant or any Person Named in Item 22 Above: | A. Charged by Information or Under Indictment in any Court for a Felony, or any Other Crime for Which the Judge Could Imprison You for More Than One Year?[1] | ☐ | ☐ |
| | B. A Fugitive from Justice? | ☐ | ☐ |
| | C. An Alien Who is Illegally or Unlawfully in the United States? | ☐ | ☐ |
| | D. Under 21 Years of Age? | ☐ | ☐ |
| | E. An Unlawful User of, or Addicted to, Marijuana, or any Depressant, Stimulant or Narcotic Drug, or any other Controlled Substance? | ☐ | ☐ |
| | F. Subject to a Court Order Restraining Him/Her from Harassing, Stalking, or Threatening his/her child or an Intimate Partner or Child or Such Partner? | ☐ | ☐ |

Copy 3 - CLEO Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Give Full Details on a Separate Sheet for All "Yes" Answers in Item 26. | Yes | No |
|---|---|---|
| **26. Has Applicant or any Person Named in Item 22 Ever:** A. Been Convicted in any Court of a Felony, or any other crime for which the Judge Could Have Imprisoned You for More Than One Year, Even if You Received a Shorter Sentence, Including Probation?² | ☐ | ☐ |
| B. Been Discharged from the Armed Forces Under Dishonorable Conditions? | ☐ | ☐ |
| C. Been Adjudicated as a Mental Defective, Which Includes Having Been Adjudicated Incompetent to Manage Your Own Affairs, or Been Committed to any Mental Institution? | ☐ | ☐ |
| D. Renounced United States Citizenship? | ☐ | ☐ |
| E. Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence? (See definition #3) | ☐ | ☐ |

¹ "Information" is a formal accusation of crime made by a prosecuting attorney, as distinguished from an indictment presented by a grand jury.

² You may answer NO if (a) you have been pardoned for the crime or (b) the conviction has been expunged or set aside or (c) your civil rights have been restored AND you are not prohibited from possessing or receiving any firearms under the law where the conviction occurred.

**27. Applicant Certification** *(Please read and initial each box)*

☐ The business to be conducted under the Federal Firearms License is not prohibited by State or local law at the premises shown in item 5. This includes compliance with zoning ordinances.

☐ Within 30 days after the application is approved, the business will comply with the requirements of State and local law applicable to the conduct of business.

☐ Business will not be conducted under the license until the requirements of State and local law applicable to the business have been met.

☐ A completed copy of this form has been sent *(mailed or delivered)* to the Chief Law Enforcement Officer of the locality in which the premises is located. *(See instruction #5.)*

☐ As required by 18 U.S.C. 923 (d)(1)(G), I certify that secure gun storage or safety devices will be available at any place in which firearms are sold under this Federal Firearms License to persons who are not licensees.

Name of Chief Law Enforcement Officer (CLEO)

CLEO's Address *(Include no., street, city, county, State, and ZIP Code)*

**28. Certification:** Under the penalties imposed by 18 U.S.C. 924, I declare that I have examined this application and the documents submitted in support thereof, and to the best of my knowledge and belief, they are true, correct and complete. This signature, when presented by a duly authorized representative of the Department of Justice, will constitute consent and authority for the appropriate Department of Justice representative to examine and obtain copies and abstracts of records and to receive statements and information regarding the background of all responsible persons. Specifically, I hereby authorize the release of the following data or records to ATF: Military information/records, medical information/records, police and criminal records.

Attach
2 X 2
Photograph(s)
Here

*(See Instruction #10)*

Sign Here

Title

Date

**For ATF Use Only**

| 29. Application is ☐ Approved ☐ Denied | Reasons for Denial of Application |
|---|---|
| **Signature of Licensing Official** | Date |

**Information for the Chief Law Enforcement Officer**

This form provides notification of a person's intent to apply for a Federal firearms license. It requires no action on your part. However, should you have information that may disqualify the person from obtaining a Federal firearms license, please contact the Federal Firearms Licensing Center at 1-866-662-2750. A "Yes" answer to items #24, #25, and #26 could disqualify a person for a license. Also, ATF may not issue a license if the business would be in violation of State or local law.

ATF E-Form 7 (5310.12)
Revised May 2005

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

OMB No. 1140-0018

# Application for Federal Firearms License

| For ATF Use Only |
|---|

1. Name of Owner or Corporation *(If partnership, include name of each partner)*

| 2. Trade or Business Name, *if any* | 3. Employer Identification Number *(EIN#)* or Social Security Number *(SSN is Voluntary)* | 4. Name of County in Which Business is Located |
|---|---|---|
| 5. Business Address *(RFD or street number, city, State, and ZIP code) (NOTE: The business address CANNOT be a P.O. Box.)* | 6. Mailing Address *(If different from address in item #5)* | |

7. Contact Numbers *(Include Area Code)*

Business Phone _____     Fax Number _____

Cell Phone _____     24 Hour Emergency # *(If different)* _____

8. Applicant's Business is *(Select one)*

☐ Individually Owned   ☐ A Partnership   ☐ A Corporation   ☐ Other *(Specify)*

| 9. Describe Specific Activity Applicant is Engaged in, or Intends to Engage in, Which Requires a Federal Firearms License. *(Sale of ammunition alone does not require a license.)* | 10. Do You Intend to Engage in Business as a Pawnbroker? ☐ Yes ☐ No |
|---|---|

11. Application is Made For a License Under 18 U.S.C. Chapter 44 as a: *(Place an "X" in the appropriate box. Submit the fee noted next to the box with the application. Licenses are issued for a 3-year period. See instruction #13 for payment information.)*

| Type | Description of License Type | Fee | |
|---|---|---|---|
| 01/02 | Dealer (01), Including Pawnbroker (02), in Firearms Other Than Destructive Devices *(Includes: Rifles, Shotguns, Pistols, Revolvers, Gunsmith activities and National Firearms Act (NFA) Weapons)* | $200 | ☐ |
| 06 | Manufacturer of Ammunition for Firearms Other Than Ammunition for Destructive Devices or Armor Piercing Ammunition | $30 | ☐ |
| 07 | Manufacturer of Firearms Other Than Destructive Devices | $150 | ☐ |
| 08 | Importer of Firearms Other Than Destructive Devices or Ammunition for Firearms Other Than Destructive Devices, or Ammunition Other Than Armor Piercing Ammunition *(NOTE: Importer of handguns and rifles, see instruction #8.)* | $150 | ☐ |
| 09 | Dealer in Destructive Devices | $3000 | ☐ |
| 10 | Manufacturer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition | $3000 | ☐ |
| 11 | Importer of Destructive Devices, Ammunition for Destructive Devices or Armor Piercing Ammunition *(See instruction #8)* | $3000 | ☐ |
| | Total Fees $ | 0 | |

ATF E-Form 7 (5310.12)
Revised May 2005

**13. Hours of Operation of Applicant's Business** *(Must be completed)*

| Time | Sun | Mon | Tues | Wed | Thu | Fri | Sat |
|------|-----|-----|------|-----|-----|-----|-----|
| Open |  |  |  |  |  |  |  |
| Close |  |  |  |  |  |  |  |

**14. Is Applicant Presently Engaged in a Business Requiring a Federal Firearms License?** *(If "Yes," answer 14a.)*

☐ Yes    ☐ No

14a. Present Federal Firearms License Number

**15. If You Have Served in the Armed Forces, Provide the Service Serial Number and Military Branch.**

Service Serial Number

Military Branch

**16. Applicant's Business Premises Are**

☐ Owned    ☐ Leased/Rented    ☐ Military

IF RENTED OR LEASED, PLEASE PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PROPERTY OWNER.

Name and Address of Property Owner *(If applicable)*

Telephone Number of Property Owner *(If applicable)*

**17. Indicate Type of Business Premises**

Zoned Commercial:
☐ Store Front
☐ Office
☐ Rod & Gun Club
☐ Military Base
☐ Other *(Specify)*

Zoned Residential:
☐ Single Family Dwelling
☐ Condominium/Apartment
☐ Hotel/Motel
☐ Public Housing

IF THE PREMISES ARE LOCATED ON A MILITARY INSTALLATION, ATTACH A COPY OF WRITTEN AUTHORIZATION FROM THE BASE COMMANDER TO CONDUCT A FIREARMS BUSINESS ON THE MILITARY INSTALLATION.

**18. Do You Intend To Make a Profit from Your Business?**

☐ Yes    ☐ No *(If no, do not submit application)*

**18a. Do You Intend To Sell Firearms Only at Gun Shows?**

☐ Yes *(If yes, do not submit application)*    ☐ No

**19. Do You Intend to Use Your License Only to Acquire Personal Firearms?**

☐ Yes *(If yes, do not submit application.)*    ☐ No

If Business was Obtained From Someone Else, Provide the Following Information.

**20. Name of Previous Business**

**21. Federal Firearms License Number**

**22.** Provide the Information Required for Each Individual Owner, Partner, and Other Responsible Persons in the Business. See Instruction #10 for Responsible Person Definition. If a Female, List Any Given, Married, and Maiden Names, e.g., *"Mary Alice (Smith) Jones," Not "Mrs. John Jones."* *(If additional space is needed, use a separate sheet.)* **Each Responsible Person Must Complete All Information in this Section.**

| Full Name | Position and Social Security Number *(Social Security Number is Voluntary)* | Home Address *Please provide every address you have had in the last 5 years.* | Country of Citizenship *List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23.* | Place of Birth *(City, State, or Foreign Country)* | Date of Birth | Race and Ethnicity *(Please check one or more boxes)* | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White |  |  |
|  |  |  |  |  |  | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White |  |  |

Copy 4 - Applicant Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Full Name | Position and Social Security Number (Social Security Number is Voluntary) | Home Address Please provide every address you have had in the last 5 years. | Country of Citizenship List more than one, if applicable. Nonimmigrant aliens must complete all information in item #23. | Place of Birth (City, State, or Foreign Country) | Date of Birth | Race and Ethnicity (Please check one or more boxes) | Sex | Residence Telephone No. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |
| | | | | | | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Hispanic or Latino<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | | |

23. Nonimmigrant Alien Certification of Compliance With 18 U.S.C. 922(g)(5)(B). If additional space is needed, use a separate sheet.

18 U.S.C. 922(g)(5)(B) generally makes it unlawful for any nonimmigrant alien to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearms or ammunition which have been shipped or transported in interstate or foreign commerce. All nonimmigrant aliens listed in item 22 must complete the following information certifying compliance with 18 U.S.C. 922(g)(5)(B).

A. Name of Person Certifying Compliance    Last:      First:      Middle Initial:

B. Immigration and Customs Enforcement (ICE) Issued Alien Number or Admission Number *(Previously INS Number):*

C. Are you in possession of a valid hunting license or permit lawfully issued in the United States?    ☐ Yes    ☐ No

   1. If you answered "NO," you likely cannot lawfully possess a firearm and therefore cannot be a Federal firearms licensee.
   2. If you answered "YES," complete the following information, and attach a copy of the license or permit to the application.

Hunting License or Permit Number, if any      State of Issuance      Expiration Date, if any

| Give Full Details on a Separate Sheet for All "Yes" Answers in Items 24 and 25. | Yes | No |
|---|---|---|
| 24. Has Applicant or any Person Referred to in Item 22 Above:   A. Held a Federal Firearms License? | ☐ | ☐ |
| B. Been Denied a Federal Firearms License? | ☐ | ☐ |
| C. Been an Officer in a Corporation Holding a Federal Firearms License? | ☐ | ☐ |
| D. Been an Employee of a Federal Firearms Licensee? | ☐ | ☐ |
| E. Had a Federal Firearms License Revoked? | ☐ | ☐ |
| 25. Is Applicant or any Person Named in Item 22 Above:   A. Charged by Information or Under Indictment in any Court for a Felony, or any Other Crime for Which the Judge Could Imprison You for More Than One Year?[1] | ☐ | ☐ |
| B. A Fugitive from Justice? | ☐ | ☐ |
| C. An Alien Who is Illegally or Unlawfully in the United States? | ☐ | ☐ |
| D. Under 21 Years of Age? | ☐ | ☐ |
| E. An Unlawful User of, or Addicted to, Marijuana, or any Depressant, Stimulant or Narcotic Drug, or any other Controlled Substance? | ☐ | ☐ |
| F. Subject to a Court Order Restraining Him/Her from Harassing, Stalking, or Threatening his/her child or an Intimate Partner or Child or Such Partner? | ☐ | ☐ |

Copy 4 - Applicant Copy

ATF E-Form 7 (5310.12)
Revised May 2005

| Give Full Details on a Separate Sheet for All "Yes" Answers in Item 26. | | Yes | No |
|---|---|---|---|
| 26. Has Applicant or any Person Named in Item 22 Ever: | A. Been Convicted in any Court of a Felony, or any other crime for which the Judge Could Have Imprisoned You for More Than One Year, Even if You Received a Shorter Sentence, Including Probation?[2] | ☐ | ☐ |
| | B. Been Discharged from the Armed Forces Under Dishonorable Conditions? | ☐ | ☐ |
| | C. Been Adjudicated as a Mental Defective, Which Includes Having Been Adjudicated Incompetent to Manage Your Own Affairs, or Been Committed to any Mental Institution? | ☐ | ☐ |
| | D. Renounced United States Citizenship? | ☐ | ☐ |
| | E. Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence? (See definition #3) | ☐ | ☐ |

[1] "Information" is a formal accusation of crime made by a prosecuting attorney, as distinguished from an indictment presented by a grand jury.

[2] You may answer NO if (a) you have been pardoned for the crime or (b) the conviction has been expunged or set aside or (c) your civil rights have been restored AND you are not prohibited from possessing or receiving any firearms under the law where the conviction occurred.

### 27. Applicant Certification (Please read and initial each box)

☐ The business to be conducted under the Federal Firearms License is not prohibited by State or local law at the premises shown in item 5. This includes compliance with zoning ordinances.

☐ Within 30 days after the application is approved, the business will comply with the requirements of State and local law applicable to the conduct of business.

☐ Business will not be conducted under the license until the requirements of State and local law applicable to the business have been met.

☐ A completed copy of this form has been sent (mailed or delivered) to the Chief Law Enforcement Officer of the locality in which the premises is located. (See instruction #5.)

☐ As required by 18 U.S.C. 923 (d)(1)(G), I certify that secure gun storage or safety devices will be available at any place in which firearms are sold under this Federal Firearms License to persons who are not licensees.

Name of Chief Law Enforcement Officer (CLEO)

CLEO's Address (Include no., street, city, county, State, and ZIP Code)

| 28. Certification: Under the penalties imposed by 18 U.S.C. 924, I declare that I have examined this application and the documents submitted in support thereof, and to the best of my knowledge and belief, they are true, correct and complete. This signature, when presented by a duly authorized representative of the Department of Justice, will constitute consent and authority for the appropriate Department of Justice representative to examine and obtain copies and abstracts of records and to receive statements and information regarding the background of all responsible persons. Specifically, I hereby authorize the release of the following data or records to ATF: Military information/records, medical information/records, police and criminal records. | Attach 2 X 2 Photograph(s) Here (See Instruction #10) |
|---|---|
| Sign Here | |
| Title | |
| Date | |

### For ATF Use Only

| 29. Application is ☐ Approved ☐ Denied | Reasons for Denial of Application |
|---|---|
| **Signature of Licensing Official** | Date |

### Information for the Chief Law Enforcement Officer

This form provides notification of a person's intent to apply for a Federal firearms license. It requires no action on your part. However, should you have information that may disqualify the person from obtaining a Federal firearms license, please contact the Federal Firearms Licensing Center at 1-866-662-2750. A "Yes" answer to items #24, #25, and #26 could disqualify a person for a license. Also, ATF may not issue a license if the business would be in violation of State or local law.

Copy 4 - Applicant Copy

ATF E-Form 7 (5310.12)
Revised May 2005

### Instruction Sheet For ATF Form 7 (5310.12)
*(Detach this instruction sheet before submitting your application.)*

1. TYPE or PRINT with ball-point pen, except for the signature in item 28. Any attached sheets must:

   a. Be identified with your name, trade name, address, and Employer Identification Number or Social Security Number *(Social Security Number is Voluntary)* at the top of each page.
   b. Refer to the questions being answered.

2. **Issuance of your license will be delayed if the fee is not included or incorrect, or if the form is incomplete or otherwise improperly prepared.**

3. A license Under 18 U.S.C. Chapter 44:

   a. Is **NOT** a license to carry, use, or possess a firearm.
   b. Confers **NO** right or privilege to conduct business or activity contrary to State or other law.
   c. Is a business license, and will **NOT** be issued to an applicant solely intending to enhance a personal firearms collection. Applicants for a collector of curios and relics license must submit an ATF Form 7CR (5310.16).
   d. Is **NOT** a license to sell ammunition only.
   e. Is **NOT** a license to buy and sell firearms at gun shows only.

4. In most cases, ATF will contact you prior to issuance of a license. If you do not qualify for a license, you will be advised in writing of the reasons for denial and your application fee will be returned. Please note ATF cannot place calls to blocked numbers.

5. Applicants must submit "copy 3" of this form to the Chief Law Enforcement Officer (CLEO) of the locality in which the premises sought to be licensed are located. The CLEO is the Chief of Police, the Sheriff, or an equivalent officer, or the designee of such individual.

6. State laws or local ordinances may have requirements affecting your proposed firearms business. Contact your State and local authorities for specific information on their requirements, see item #27.

7. The certification in item 28 must be signed by the owner, a partner, or in the case of a corporation, association, etc., by an officer duly authorized to sign for the applicant.

8. Applicants intending to import firearms and ammunition may need to register with ATF under the provisions of the Arms Export Control Act. Contact the Firearms and Explosives Imports Branch at (304) 616-4550 for further information on registration.

9. Applicants intending to deal in, import, or manufacture weapons subject to the National Firearms Act (e.g., machineguns, short-barrel shotguns, and destructive devices) are required to pay a Special (Occupational) Tax. Contact the National Firearms Act Branch at (304) 616-4500.

10. IMPORTANT!! All responsible persons, to include sole proprietors, must submit a properly prepared FD-258 *(Fingerprint Card)* with this application. Fingerprints must be taken by appropriate law enforcement authorities on the enclosed pre-printed FD-258. The pre-printed FD-258 should reflect "WVATF1100, ATF-FFLC, MARTINSBURG, WV" to preclude rejection of your fingerprints. A 2" x 2" frontal view photograph, taken within the last 6 months, and clearly showing a full front view of the features of the applicant with head bare, must also accompany this application. Please ensure that each photograph is clearly identified on the reverse with the full name of the responsible person to whom the photograph applies, and attach to ATF Form 7 (5310.12) in the space provided on copy 1. If there are multiple responsible persons, affix each photograph *(with tape)* of each responsible person to a separate sheet of paper and attach to this form.

    IN ADDITION TO A SOLE PROPRIETOR, A RESPONSIBLE PERSON IS:

    In the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the corporation, partnership, or association, insofar as they pertain to firearms.

11. MULTIPLE LICENSES - You can apply for more than one license if the business is to be conducted at the same location, by checking more than one type of license in Item #11. If business is to be conducted at multiple locations, a separate application and license fee is required for each business location.

12. This form requires you to authorize the release of certain information to ATF such as medical information/records. (See item 28). This information is used to determine, for example, whether the applicant has ever been adjudicated as a mental defective or committed to any mental institution. This information is protected by the Privacy Act of 1974 and cannot be disclosed without your written authorization.

13. PLEASE FORWARD THE APPLICATION WITH FEE, PHOTOGRAPH(S), AND FINGERPRINT CARD(S) TO:

    **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**
    **P.O. BOX 409567**
    **ATLANTA, GA 30384-9567**

    YOU CAN PAY BY CREDIT/DEBIT CARD *(if you chose this option, complete item #12)*, OR CHECK OR MONEY ORDER MADE PAYABLE TO ATF. PLEASE DO NOT SEND CASH.

IF YOU HAVE ANY QUESTIONS RELATING TO THIS APPLICATION, PLEASE CONTACT THE ATF FEDERAL FIREARMS LICENSING CENTER, 244 NEEDY ROAD, MARTINSBURG, WEST VIRGINIA 25405, (304) 616-4600 OR TOLL FREE 1-866-662-2750, OR YOUR LOCAL ATF INDUSTRY OPERATIONS OFFICE.

ATF E-Form 7 (5310.12)
Revised May 2005

## Definitions

1. **Restraining Order** - Under 18 U.S.C. 922 (g)(8), firearms may not be possessed or received by persons subject to a court order that: (A) was issued after a hearing of which the person received actual notice and had an opportunity to participate in; (B) restrains such person from harassing, stalking, or threatening an intimate partner or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

2. **Intimate Partner** - With respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, or an individual who cohabitates or has cohabitated with the person.

3. **Misdemeanor Crime of Domestic Violence** - A Federal, State, or local offense that is a misdemeanor under Federal or State law and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim. The term includes all misdemeanors that have as an element the use or attempted use of physical force or the threatened use of a deadly weapon (*e.g., assault and battery*), if the offense is committed by one of the defined parties.

4. **Secure Gun Storage or Safety Device** - (A) a device that, when installed on a firearm, is designed to prevent the firearm from being operated without first deactivating the device; (B) a device incorporated into the design of the firearm that is designed to prevent the operation of the firearm by anyone not having access to the device; or (C) a safe, gun safe, gun case, lock box, or other device that is designed to be or can be used to store a firearm and that is designed to be unlocked only by means of a key, a combination, or other similar means.

5. **Nonimmigrant Alien** - An alien in the United States in a nonimmigrant classification. The definition includes, in large part, persons traveling temporarily in the United States for business or pleasure, persons studying in the United States who maintain a residence abroad, and certain foreign workers. The definition does NOT include permanent resident aliens.

6. **Hunting License or Permit Lawfully Issued in the United States** - A license or permit issued by a State for hunting which is valid and unexpired.

## Privacy Act Information

The following information is provided pursuant to Section 3 of the Privacy Act of 1974 (5 U.S.C. § 552 a(e)(3)):

1. **Authority.** Solicitation of this information is authorized pursuant to 18 U.S.C. § 923 (a) of the Gun Control Act of 1968. Disclosure of this information is mandatory if the applicant wishes to obtain a Federal Firearms License.

2. **Purpose.** To determine the eligibility of the applicant to obtain a firearms license, and to determine the ownership of the business, the type of firearms or ammunition to be dealt in, the business hours, the business history, and the identity of the responsible persons in the business.

3. **Routine Uses.** The information will be used by ATF to make determinations set forth in paragraph 2. In addition, information may be disclosed to other Federal, State, foreign, and local law enforcement and regulatory agency personnel to verify information on the application and to aid in the performance of their duties with respect to the enforcement and regulation of firearms and/or ammunition where such disclosure is not prohibited by law. The information may further be disclosed to the Justice Department if it appears that the furnishing of false information may constitute a violation of Federal law. Finally, the information may be disclosed to members of the public in order to verify the information on the application when such disclosure is not prohibited by law.

4. **Effects of Not Supplying Information Requested.** Failure to supply complete information will delay processing and may result in denial of the application.

5. **Disclosure of Social Security Number.** Disclosure of the individual's social security number is voluntary. Under 18 U.S.C. § 923 (a), ATF has the authority to solicit this information. The number may be used to verify the individual's identity. See Section 7(b) of the Privacy Act.

## Paperwork Reduction Act Notice

This request is in accordance with the Paperwork Reduction Act of 1995. The information collection is used to determine the eligibility of the applicant to engage in certain operations, to determine location and extent of operations, and to determine whether the operations will be in conformity with Federal laws and regulations. The information requested is required to obtain or retain a benefit and is mandatory by statute(18 U.S.C. § 923).

The estimated average burden associated with this collection is 1 hour and 15 minutes per respondent or recordkeeper, depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Reports Management Officer, Document Services Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, Washington, DC 20226.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.