**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10307 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01733-RCC-JCG-1 |
| v. | |
| JOHN GEOFFREY IBARRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |
| UNITED STATES OF AMERICA, | No. 12-10631 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01733-RCC-JCG-1 |
| v. | |
| JOHN GEOFFREY IBARRA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted June 11, 2014[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and HAYES, District Judge.***

John Geoffrey Ibarra appeals his convictions of twenty-one counts of knowingly making false statements on a form required to be kept by federally-licensed firearms dealers in violation of 18 U.S.C. § 924(a)(1)(A), and his conviction of one count of engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). For the following reasons, we affirm.

First, the district court did not abuse its discretion when it denied Ibarra's pretrial motion to disclose the identity of the ATF confidential informant whose tip started the investigation of Ibarra or for *in camera* review of the informant file. Ibarra provided only speculation and suspicion that the informant might have engaged in entrapment, and thus did not meet his burden to show that disclosure of the informant's identity would be "relevant" or "helpful" to any defense. *U.S. v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993); *U.S. v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993).

---

*** The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Second, the district court did not err when it determined that the government did not violate *Brady v. Maryland*, 373 U.S. 83 (1963), by not revealing to the defense the relationship between the ATF and another confidential informant who was a witness at Ibarra's trial. That informant's confidential relationship with the ATF was minimal, unrelated to Ibarra's case, and did not begin until long after the witness interacted with Ibarra. The informant's relationship with the ATF was therefore not "material" under *Brady* because there was no "reasonable probability that . . . the result" of the trial "would have been different" had the relationship been disclosed. *U.S. v. Si*, 343 F.3d 1116, 1122 (9th Cir. 2003).

Third, the district court did not abuse its discretion when it permitted brief mention at trial that the ATF investigates gun trafficking in Mexico. The court gave a curative instruction adequate to allay any potential prejudice. *See Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) (holding that jurors are presumed to follow instructions to disregard inadmissible evidence absent an "overwhelming probability" the jury will not be able to follow the instruction). Moreover, in light of the rest of the evidence, including the large numbers of gun purchases Ibarra made within short periods of time and Ibarra's admissions to ATF agents that he purchased on behalf of his cousin, it is not "more probable than not" that even if

3

there were error, it would have affected the verdict. *U.S. v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004).

Fourth, Ibarra has waived the issue whether the district court erred by not permitting him to ask questions about gun shows. The record demonstrates that Ibarra failed to explain why he wished to raise the issue adequately enough for the trial court to rule on it. *See Tamen v. Alhambra World Inv., Inc.*, 22 F.3d 199, 205 (9th Cir. 1994) (holding an issue waived on appeal when it was not "raised sufficiently for the trial court to rule on it," when the party did not "press[] or even explain[]" the issue, and when the trial court had no opportunity to "make any express . . . conclusions of law on the matter").

Fifth, the jury instruction was correct as to the charges under 18 U.S.C. § 924(a)(1)(A). That provision is a separate grounds for prosecution and conviction and does not contain a materiality requirement. *U.S. v. Johnson*, 680 F.3d 1140, 1144, 1146 (9th Cir. 2012).[1]

Sixth, the Ninth Circuit model jury instructions the district court gave were correct as to the charge under 18 U.S.C. § 922(a)(1)(A). The statute requires that the defendant have a "principal objective of livelihood and profit," 18 U.S.C.

---

[1] Ibarra's motion to stay proceedings pending *Abramski v. United States*, No. 12-1493, 2014 WL 2676779 (U.S. June 16, 2014), is DENIED as moot.

§ 921(a)(21)(C), (a)(22), but nowhere requires a principal objective that that profit be one's *primary* source of income. The model jury instruction correctly so stated and correctly described the elements of the charge.

Seventh, the evidence was sufficient for any rational finder of fact, *U.S. v. King*, 735 F.3d 1098, 1106 (9th Cir. 2013), to find Ibarra guilty of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). A rational juror could conclude that Ibarra "devote[d] time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms" within the meaning of the statute and as stated in the jury instruction. 18 U.S.C. § 921(a)(21)(C). Evidence adduced at trial showed that Ibarra purchased over twenty firearms, took title of the weapons in his own name, and then delivered them to his cousin in exchange for $100 per weapon. A rational jury could conclude beyond a reasonable doubt that these actions represented the "repetitive purchase and resale of firearms."

Eighth, and finally, under plain error review the court did not err either procedurally or substantively in imposing sentence. *U.S. v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). A "district court need not tick off each of the § 3553(a) factors to show that it has considered them." *U.S. v. Carty*, 520 F.3d 984,

992 (9th Cir. 2008).  It is enough to "calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less" because the court is "presume[d]" to have considered all the § 3353(a) factors.  *U.S. v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006).  The court here balanced Ibarra's family responsibilities against his offenses and his lack of knowledge of or concern about where the guns he purchased were going, and then imposed a sentence less than half that recommended by the sentencing report.  The court did not plainly err.

**AFFIRMED.**