**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10300 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00207-TLN-1 |
| v. | |
| RYAN MCGOWAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 16, 2018**
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and McLAUGHLIN,*** District Judge.

Ryan McGowan appeals his conviction for (1) engaging in the business of

dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1), and (2)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

conspiracy to make a false statement on ATF Form 4473, in violation of 18 U.S.C. § 371. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Sufficient evidence supports both counts of McGowan's conviction.

A

Count One. To prove that McGowan was "engage[d] in the business of . . . dealing in firearms," the government had to show that McGowan "devote[d] time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." 18 U.S.C. §§ 922(a)(1)(A), 921(21)(C). Selling firearms need not have been McGowan's primary source of income. *See United States v. Ibarra*, 581 F. App'x 687, 690 (9th Cir. 2014).

The jury had before it ample evidence to conclude that McGowan purchased and sold firearms with the principal objective of livelihood and profit. McGowan purchased eight Desert Eagle handguns in the span of a few years, selling six of them, despite claiming that they were not "a fun gun to shoot." He also told a firearms dealer that he could acquire more Desert Eagles if the dealer knew of anyone who was interested. More generally, McGowan would frequently post guns for sale immediately after picking them up from the dealer, or at times before he

had even picked up the gun. McGowan also flatly admitted to detectives that he was "in [the] business of selling guns for profit."

B

Count Two. The government had to prove that McGowan conspired with Snellings "knowingly [to] make[] any false statement or representation with respect to the information required by [Chapter 44 of Title 18] to be kept in the records of a [federally licensed firearms dealer]." 18 U.S.C. § 924(a)(1)(A).

Sufficient evidence supports the jury's conclusion that McGowan conspired knowingly falsely to answer question 11.a. on ATF Form 4473, which is information required to be kept by Chapter 44 of Title 18. *Abramski v. United States*, 134 S. Ct. 2259, 2274 (2014). McGowan indicated that he was the "actual transferee/buyer" of a Ruger LCP on such form, but he never paid for or picked up the firearm. He instead transferred the firearm to Snellings just one day after the expiration of the 10-day waiting period. The jury could thus conclude that he acquired the firearm on behalf of Snellings, rendering his answer to question 11.a. false. And McGowan was aware that it was false, later admitting to detectives that he "didn't buy the gun." That McGowan and the Ruger's ultimate recipient, Preparos, did not know of each other is irrelevant, because McGowan purchased the firearm on behalf of Snellings, not Preparos.

There was also sufficient evidence that Snellings' Firearms was a federally

3

licensed firearms dealer at the time McGowan made the false statement: the ATF Form on which he lied itself shows the store's license number.[1]

## II

The district court did not abuse its discretion in denying the motion for a new trial on account of prosecutorial misconduct.

## A

Even if the prosecutor at times crossed the line by arguing defense counsel had "distorted" the evidence or the law, *see United States v. Frederick*, 78 F.3d 1370, 1379–80 (9th Cir. 1996), it cannot be said that "the prosecutor's improper conduct so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [McGowan] of a fair trial," *United States v. Sanchez*, 659 F.3d 1252, 1257 (9th Cir. 2011) (internal quotation marks omitted). The district court often emphasized to the jury that arguments of counsel are not evidence. *See United States v. Freter*, 31 F.3d 783, 787 (9th Cir. 1994). And McGowan's guilt did not turn on subtle credibility determinations, where "the possibility of prejudicial effect grows," *United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005); rather, objective evidence of McGowan's purchasing

---

[1] The jury instructions were not deficient on this point, because they required the jury to find that McGowan made a false statement pertaining to "information that the law requires a federal firearms licensee to keep," mirroring the requirements of § 924(a)(1)(A).

4

and selling pattern strongly supported the jury's verdict. Finally, to the extent the prosecutor argued that defense counsel had "distorted" the law, he did so only after defense counsel had, in fact, repeatedly misstated the law to the jury. *See United States v. Young*, 470 U.S. 1, 12 (1985). Specifically, defense counsel often argued that McGowan could be convicted on Count One only if he intended selling guns to be his *primary source* of income.

## B

Neither reference to Halcon's testimony from McGowan's first trial required a new trial. Halcon reaffirmed "Statement One" during the second trial, so the prosecutor was free to reference it in closing. Nor was it improper for the prosecutor to emphasize that Halcon did not limit his definition of straw purchase in "Statement One" to purchasing firearms for "a prohibited person." "Statement Two" was not reaffirmed in the second trial, but the district court's specific instruction to disregard the statement was sufficient to dispel any prejudice that might have arisen from the prosecutor's reference to it in rebuttal. The possibility of prejudice was limited because the substance of "Statement Two" was otherwise in evidence. *See Freter*, 31 F.3d at 786–87.

## III

The judgment of the district court is **AFFIRMED.**