**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30004 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00022-SEH-1 |
| v. | |
| ADRIEN JOHN MATUCK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 2, 2016
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

We consider Adrien Matuck's challenges to his conviction for first degree murder.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

I

The government presented sufficient evidence upon which the jury could conclude that Matuck was an "Indian" within the meaning of 18 U.S.C. § 1153(a). The "Certificate of Indian Blood" presented at trial stated both that Matuck had a total quantum of 15/16 Indian blood and that he was enrolled in the Hualapai Tribe of Peach Springs, Arizona. This tribe is included in the Bureau of Indian Affairs' list of federally recognized tribes. *See* 75 Fed. Reg. 60,810, 60,811 (Oct. 1, 2010). Such evidence satisfies our Circuit's test for Indian status under § 1153. *See United States v. Zepeda*, 792 F.3d 1103, 1115–16 (9th Cir. 2015) (en banc).

II

The government was not required to show that the murder victim was also an Indian to establish jurisdiction over Matuck's crime. *See* 18 U.S.C. § 1153(a) (conferring jurisdiction over certain crimes committed "against the person or property of another Indian *or other person*" (emphasis added)); *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005).

III

The district court did not abuse its discretion in denying Matuck's motion for a new trial, which he failed to support with any newly discovered evidence.

*See* Fed R. Crim. P. 33; *United States v. King*, 735 F.3d 1098, 1108–09 (9th Cir. 2013).

**AFFIRMED.**