**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  16-50309, 16-50310 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:14-cr-00557-FMO-1,<br>2:14-cr-00553-FMO-3 |
| v. | |
| AMADO OCHOA, AKA Big Dog, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  BEA and MURGUIA, Circuit Judges, and KEELEY,[**] District Judge.

Amado Ochoa appeals his jury conviction for engaging in the business of

unlicensed firearms dealing in violation of 18 U.S.C. § 922(a)(1)(A).  Ochoa

argues that there was insufficient evidence to prove that he engaged in the business

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

of firearms dealing without a license.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under 18 U.S.C. § 922(a)(1)(A), it is unlawful for any person "except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms."  "[E]ngaged in the business" as applied to a "dealer in firearms" is defined as "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms."  18 U.S.C. § 921(a)(21)(C).

Ochoa does not dispute that he acted as a broker of firearms between the confidential informant and various sellers.  Rather, Ochoa argues that brokering is not included in § 922(a)(1)(A)'s ambit.  On the contrary, § 922(a)(1)(A) reaches those who hold themselves out as sources of firearms.  *See United States v. King*, 735 F.3d 1098, 1107 (9th Cir. 2013) (upholding sufficiency of evidence for conviction of a defendant who "held himself out as a firearms dealer").  "It is enough to prove that the accused has guns on hand or is ready and able to procure

2

them for the purpose of selling them from time to time to such persons as might be accepted as customers." *United States v. Breier*, 813 F.2d 212, 213-14 (9th Cir. 1987) (internal quotation marks omitted). Moreover, "Section 922(a)(1)(A) does not require an actual sale of firearms." *King*, 735 F.3d at 1107 n.8. The language of the statute does not require a defendant personally to carry out repetitive purchases and sales of firearms; the statute requires "*the* repetitive purchase and resale of firearms," not "*defendant's* repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C) (emphasis added). Here, while the evidence demonstrated that Ochoa did not purchase and sell firearms himself, it was sufficient to demonstrate that he had the principle objective of making a profit through the repetitive purchase and sale of firearms, even if those purchases and sales were carried out by others.

**AFFIRMED**.