**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50199 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02738-BEN-1 |
| v. | |
| SERGIO CABALLERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,** District Judge.

Sergio Caballero appeals the district court's denial of his motion for a new trial following his conviction for importation of methamphetamine and heroin into the United States. Because the facts are known to the parties, we repeat them only

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

as necessary to explain our decision.

## I

The district court did not abuse its discretion in denying Caballero's motion for a new trial.

## A

First, the district court correctly held that Diaz-Flores's letter did not constitute newly discovered evidence. Even if the letter itself was written after the trial, Caballero was already aware of the substantive information contained therein from his counsel's discussions with Diaz-Flores before trial. *See United States v. Showalter*, 569 F.3d 1150, 1154–55 (9th Cir. 2009) (post-trial witness declarations were not newly discovered evidence because the "witnesses were known to [the defendant] . . . and could have been called to testify for him at trial"); *United States v. Joelson*, 7 F.3d 174, 178–79 (9th Cir. 1993) (witness declaration was not newly discovered evidence because defense attorney had interviewed the witness before trial).

## B

Second, even if the letter were considered to be newly discovered evidence, the district court correctly determined that the letter would not probably have resulted in an acquittal, *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013), because it would have been inadmissible at a new trial. The letter is hearsay, and

Caballero did not identify sufficient "corroborating circumstances that clearly indicate its trustworthiness" to qualify for the hearsay exception under Federal Rule of Evidence 804(b)(3). Fed. R. Evid. 804(b)(3)(B). A "reasonable view of the evidence supports the trial court's finding that [Diaz-Flores's] statement is not reliable." *United States v. Rhodes*, 713 F.2d 463, 473 (9th Cir. 1983) (internal quotation marks omitted).

II

Because Diaz-Flores's statement would be inadmissible as unreliable hearsay, it would not offend due process to exclude such evidence from trial. *See United States v. Gadson*, 763 F.3d 1189, 1200 (9th Cir. 2014) ("The Supreme Court has held that a defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions . . . ." (internal quotation marks and alteration omitted)); *Rhoades v. Henry*, 638 F.3d 1027, 1034–36 (9th Cir. 2011) (exclusion of third-party confession under Idaho's Rule 804(b)(3) analogue did not violate due process); *United States v. Fowlie*, 24 F.3d 1059, 1068–69 (9th Cir. 1994) (exclusion of evidence under Rule 804(b)(3) did not violate due process).

**AFFIRMED.**