
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30267 |
| Plaintiff-Appellee, | D.C. No.<br>2:20-cr-00085-RAJ-1 |
| v. | |
| HARBANS SINGH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted November 8, 2022
Seattle, Washington

Before: IKUTA and COLLINS, Circuit Judges, and FITZWATER,** District
Judge.

Harbans Singh appeals his conviction for making a false statement on an

immigration document (his visa application) in violation of 18 U.S.C. § 1546(a);

accepting, possessing, or using an immigration document procured by fraud in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

violation of 18 U.S.C. § 1546(a); and making a false statement during an asylum interview in violation of 18 U.S.C. § 1001(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Singh's motion to dismiss Counts I and II on statute of limitations grounds. The government made an "official request" for purposes of 18 U.S.C. § 3292(d) more than one year before the statute of limitations would have expired on either Count I or II, and the district court issued an order under 18 U.S.C. § 3292 to suspend the running of the statute of limitations. The statute of limitations period was suspended as of the date of the official request, *United States v. Jenkins*, 633 F.3d 788, 799 (9th Cir. 2011), and did not begin running again until the government received certified copies of the requested documents on June 15, 2020. Singh was indicted one month and seven days later, well before the statute of limitations had run on either count. *See United States v. Bischel*, 61 F.3d 1429, 1434 (9th Cir. 1995).

Second, Singh waived his Speedy Trial Act claim because he failed to move for dismissal prior to trial. *See* 18 U.S.C. § 3162(a)(2); *see also United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1132 (9th Cir. 2005). Singh's written objections to the trial continuances, his "Invocation of Speedy Trial Rights," and his request for a dismissal of the indictment "on Sixth Amendment speedy trial

2

grounds" were not motions for dismissal under the Speedy Trial Act, and so did not preserve his Speedy Trial Act claim. *United States v. Read*, 918 F.3d 712, 722 (9th Cir. 2019); *United States v. Brown*, 761 F.2d 1272, 1276–77 (9th Cir. 1985).

Third, the district court did not err in precluding Singh from presenting a materiality defense to the jury. *See United States v. Serv. Deli Inc.*, 151 F.3d 938, 942 (9th Cir. 1998). "The element of materiality is evaluated under an objective test, in which we must examine 'the intrinsic capabilities of the false statement itself,'" *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017) (citation omitted), rather than "the extent of the agency's reliance," *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013). Therefore, the government's knowledge of Singh's falsehoods and its lack of reliance on his statements during the asylum interview have no legal relevance to the materiality of Singh's statement. *See Serv. Deli Inc.*, 151 F.3d at 941.

Fourth, the district court did not err in holding that Singh's Confrontation Clause rights were not violated when the government introduced at trial translations of Singh's oral statements during his asylum interview without calling as witnesses the interpreters who contemporaneously translated those statements. *See United States v. Aifang Ye*, 808 F.3d 395, 402 (9th Cir. 2015); *see also United States v. Nazemian*, 948 F.2d 522, 525–28 (9th Cir. 1991). Because the two

3

Punjabi interpreters qualified as "language conduits," under the factors established by *Nazemian*, the use of their translations did not implicate the Confrontation Clause. *Aifang Ye*, 808 F.3d at 401. We have already rejected Singh's argument that our language conduit rule is no longer binding circuit precedent after *Crawford v. Washington*, 541 U.S. 36 (2004). *See United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012). Finally, Singh waived any preindictment delay claim by failing to move for dismissal pretrial. Fed. R. Crim. P. 12(b)(3) ("[D]efenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits.").

**AFFIRMED.**