**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10024 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00290-WHA-7 |
| v. | |
| ARMANDO DANIEL CALDERON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 21, 2024
University of Pacific, McGeorge School of Law.
Sacramento, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and ENGLAND,[**]
District Judge.

Armando Calderon (Calderon) appeals his conviction for conspiracy to

distribute and possess with intent to distribute 500 grams or more of a mixture or

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

substance containing methamphetamine (Count 8) in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii), possession with intent to distribute 50 grams or more of methamphetamine (Count 10) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count 13) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and carrying a firearm during and in relation to and possession in furtherance of a drug crime (Count 14) in violation of 18 U.S.C. § 924(c).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review denial of a motion to suppress *de novo*.  *See United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022).  "The district court's application of the inevitable discovery doctrine is reviewed for clear error . . ."  *Id.* (citation and alteration omitted).  We review for plain error when an appellant "failed to preserve his sufficiency-of-evidence challenge."  *United States v. King*, 735 F.3d 1098, 1106 (9th Cir. 2013).  We also review for plain error when a defendant fails to object to jury instructions at trial.  *See United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir. 2000).

**1.**  The district court did not clearly err in finding that the seized evidence would have inevitably been discovered.  *See Nix v. Williams*, 467 U.S. 431, 444 (1984) (footnote reference omitted).  Calderon does not dispute the government's

2

representation that only two minutes elapsed between the arrival of Calderon's cousin to retrieve the vehicle and the discovery of bullets on Calderon, giving probable cause to search the vehicle. *See United States v. Williams*, 846 F.3d 303, 313 (9th Cir. 2016), *as amended* (explaining that contraband found on the defendant's person gave probable cause to conduct a warrantless search of the defendant's vehicle). Nor does Calderon cite any precedent holding that two minutes constitutes unlawful prolonging of a traffic stop. *See United States v. Taylor*, 60 F.4th 1233, 1241 (9th Cir. 2023) (observing that an officer did not "improperly prolong the stop when he spent a few minutes consulting computerized databases").

**2.** Sufficient evidence supports the jury's guilty verdict on the conspiracy charge. Viewing the evidence in the light most favorable to the verdict, a rational juror could have found the existence of a conspiracy between Jimenez and Calderon. *See United States v. Pepe*, 81 F.4th 961, 968 (9th Cir. 2023). At a minimum, Jimenez's interactions with the informant to coordinate the drug deal, Jimenez's knowledge of and vouching for the quality of Calderon's product, Calderon leaving methamphetamine in a vehicle located at Jimenez's stash house, and the discovery of documents belonging to Calderon inside Jimenez's stash house support the jury's verdict on the conspiracy charge.

**3.** The district court did not plainly err in failing to give Ninth Circuit Model Jury Instruction 12.6 in conjunction with the conspiracy instruction. The Model Instructions themselves do not require giving Instruction 12.5 in conjunction with Instruction 12.6.[1]

**4.** The district court did not plainly err in failing to give a buyer-seller instruction. The instructions given by the district court are sufficiently similar to those approved in *United States v. Moe*, 781 F.3d 1120, 1128-29 (9th Cir. 2015). Further, Calderon neither relied on a buyer-seller theory of defense nor specifically requested such an instruction at trial. *See United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998).

**5.** The district court did not plainly err in failing to give a specific unanimity instruction. Unlike the indictment in *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015), which only mentioned a conspiracy with unnamed "others," the indictment in this case specified a conspiracy between Calderon and Jimenez. Also the prosecutor in *Lapier* conceded that the evidence supported the existence of two

---

[1]*See* Ninth Circuit Model Jury Instruction 12.6 (Buyer-Seller Relationship) (providing that Instruction 12.6 should be used "with Instruction 12.5 . . . *if applicable*") (emphasis added); *see also* Ninth Circuit Model Jury Instruction 12.5 (Controlled Substance-Conspiracy to Distribute or Manufacture) (not including Instruction 12.6 among the list of Instructions to be used with Instruction 12.5).

conspiracies, *see id.* at 1097, while the prosecutor in this case relied solely on the conspiracy between Calderon and Jimenez.

6. There was no plain error in the verdict forms. The amounts of methamphetamine the jury selected on the verdict forms were consistent with the statutes of conviction, so Calderon's substantial rights could not have been affected by the inclusion of lesser amounts as options. *See United States v. Kirst*, 54 F.4th 610, 620 (9th Cir. 2022). The verdict forms did not permit the jury to convict Calderon of Count 10 based on a conspiracy rather than based on possession with intent to distribute because the form instructed the jury to specify the amount of methamphetamine only if it *first* found Calderon guilty of Count 10. Although the verdict form would have been clearer without inclusion of the word "conspired" in its second section, the record does not reflect that the jury was confused.

7. Because the record is not sufficiently developed, we decline direct review of Calderon's ineffective assistance of counsel claims. *See United States v. Lillard*, 354 F.3d 850, 856 (9th Cir. 2003).

**AFFIRMED.**